IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO MORALES-MONTÁÑEZ,

Plaintiff

v.

COMMONWEALTH OF PUERTO RICO;
ADMINISTRACIÓN DE CORRECCIÓN
(CORRECTIONS ADMINISTRATION);
WILFREDO ESTRADA-ADORNO;
LILLIAM ÁLVAREZ; ANNIE
GONZÁLEZ-PÉREZ; MARÍA E.
MELÉNDEZ-RIVERA; JUNTA DE
LIBERTAD BAJO PALABRA (PAROLE
COMMISSION),

Defendants

CIVIL 08-1945 (FAB) (JA)

OPINION AND ORDER

Plaintiff inmate Roberto Morales-Montáñez has filed a pro-se complaint pursuant to 42 U.S.C. § 1983, claiming in not so many words that his Fourteenth Amendment right to rehabilitation has been violated. He more clearly claims as well that his right to equal protection under the law (being discriminated against for being a male) has been violated because as a male, he is being treated differently than similarly situated females in that he is not offered rehabilitation programs leading to parole, unlike females who are offered such programs although serving sentences for a violation of Law 54 of August 15, 1989, P.R. Laws Ann. tit. 8, § 601 *et seq.*  Petitioner alleges discrimination because he has been told that he is arguably not eligible for diversion programs for those who are

CIVIL 08-1945 (FAB) (JA)					2

serving sentences for violating Law 54 of 1989 (domestic violence), per Law 315 of 2004.  Petitioner understands that the Parole Board should evaluate him for those benefits when he has completed his minimum sentence, and this does not occur.  Petitioner further complains that as a consequence of this treatment, the stipulations in the case of Efraín Montero-Torres v. Hernández-Colón, Civil No. 75-0828, have not been complied with.  Petitioner argues that he has little remaining time in terms of serving his sentence and that the corrections system has only subjected him to punishment rather than social, moral and economic rehabilitation he is due under the Constitution of Puerto Rico.  Petitioner seeks damages, court-appointed counsel, and a cease and desist order to the Corrections Administration related to the gender discrimination as to those men serving sentences for domestic violence violations.

     Since petitioner is proceeding pro se, I construe the pleadings, however inartful, liberally.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to

CIVIL 08-1945 (FAB) (JA)                             3

avoid inappropriately stringent rules and unnecessary dismissals of claims).  All well-pleaded factual averments made by a pro se plaintiff and reasonable inferences drawn therefrom must be accepted as true.  <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996).

      Petitioner alleges in his complaint that he feels discriminated against since he has not been given services and necessary therapies in order to qualify for diversion programs linked to parole.  He alleges that this has been a clear practice of the Department of Corrections since by not receiving services and therapies, he can never qualify for parole so that he must extinguish his complete sentence.  He notes that this is not the same manner in which female convicts are treated.  Thus, petitioner seeks damages and a cease and desist order related to the gender discrimination.

      Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  <u>See</u> 42 U.S.C. § 1983[1]; <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds</u>

---

[1] 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

CIVIL 08-1945 (FAB) (JA)                4

by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a petitioner to be held liable under section 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs. of City New York, 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). Because Morales-Montáñez' claims allege violations of federal constitutional law effected by state actors, his suit properly arises under section 1983, because of the allegedly disparate treatment he is being subject to when compared to the treatment received by women, all in violation of his rights to equal protection under the Fourteenth Amendment.

This matter is before the court on motion to dismiss filed by Commonwealth of Puerto Rico, Administración de Corrección (Corrections Administration) and the Parole Board, who argue that the complaint fails to state a cognizable claim under the United States Constitution, and that the Eleventh Amendment to the United States Constitution bars the current complaint against them.  (Docket No. 12, dated April 6, 2009.)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  Dismissal under the rule is appropriate where the plaintiff has failed to show its claim is at least "plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

CIVIL 08-1945 (FAB) (JA)                                5

557 (2007).  In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)).

     The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

     As the defendants correctly point out, the Eleventh Amendment applies not only to states but also to state agencies acting as "alter egos" to the state.  See Ainsworth Aristocrat Int'l Party v. Tourism Co. of the Commonwealth of P.R., 818 F.2d 1034, 1036 n.2 (1st Cir. 1987) (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).  Similarly, the Eleventh Amendment extends not only to state agencies acting as alter egos to the state but also to state employees exercising their official duties.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citation

CIVIL 08-1945 (FAB) (JA)				6

omitted).  The moving defendants argue that at all times the individuals named in the complaint were acting within the scope of their employment, in their official capacities, and therefore are immune from judgment in the present suit.

## ANALYSIS

There can be little doubt about the applicability of Eleventh Amendment immunity to defendant Commonwealth of Puerto Rico.  See, e.g., Berríos v. Inter Am. Univ., 535 F.2d 1330, 1331 n.3 (1st Cir. 1976) (holding that Puerto Rico is to be considered a state for purposes of civil rights litigation).  For the purposes of the Eleventh Amendment, Puerto Rico is afforded the same rights as a state and therefore any private suit against the Commonwealth of Puerto Rico is barred. See Sancho v. Yabucoa Sugar Co., 306 U.S. 505, 506 (1939); Porto Rico v. Rosaly y Castillo, 227 U.S. 270, 273-74 (1913); see, e.g. Jusino-Mercado v. Commonwealth of P.R., 214 F.3d 34, 37 (1st Cir. 2000); Ezratty v. Commonwealth of P.R., 648 F.2d 770, 776 n.7 (1st Cir. 1981) (explicitly stating that Eleventh Amendment immunity applies to Puerto Rico).

There can be equally little doubt that the Corrections Administration and the Parole Board are alter egos of the Commonwealth of Puerto Rico and therefore suits against it are likewise barred.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. at 66-68 (holding that the Michigan equivalent to Puerto Rico's Corrections Administration is entitled to Eleventh Amendment immunity).

CIVIL 08-1945 (FAB) (JA)                    7

The Puerto Rico government can be sued if it has consented to be sued by statute or if the right has been waived by Congress. Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983). Consequently, "[t]he eleventh amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, e.g., Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983), and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." Culebras Enter. Corp. v. Rivera Ríos, 813 F.2d 506, 516 (1st Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

In order to establish an equal protection violation, plaintiff must:

> adduce sufficient evidence from which a rational jury reasonably could conclude that, "compared with others similarly situated, [he] was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004) (quoting Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001)). "Selective enforcement claims are judged according to ordinary Equal Protection standards, which require a petitioner to show both a discriminatory purpose and a discriminatory effect." Gardenhire v. Schubert, 205 F.3d 303, 318 (6th Cir. 2000).

CIVIL 08-1945 (FAB) (JA)                              8

Petitioner, for purposes of the equal protection analysis, must demonstrate "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002). An equal protection claim succeeds only if the decision to treat plaintiff differently than those similarly situated is wholly "arbitrary or irrational." Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Employees, 813 F.2d 484, 492 (1st Cir. 1987). Plaintiff must demonstrate that the selective treatment he suffered as a male "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [plaintiff]." Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995) (quoting Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen, 878 F.2d 16, 21 (1st Cir. 1989)). Further, to allege a selective treatment claim based on malicious intent or bad faith of a government official, plaintiff "must establish more than that the government official's actions were simply arbitrary or erroneous; instead, the plaintiff must establish that the defendant's actions constituted a 'gross abuse of power.'" Tapalian v. Tusino, 377 F.3d at 6 (quoting Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000); (citing Rubinovitz v. Rogato, 60 F.3d at 912 ("noting that 'gross abuse of power' may obtain where official harbors personal hostility toward

CIVIL 08-1945 (FAB) (JA)                9

plaintiff, and undertakes a 'malicious orchestrated campaign causing substantial harm'"); (citing also Vill. of Willowbrook v. Olech, 528 U.S. at 566 (Breyer, J., concurring) (discussing necessity of demonstrating "extra factors" to establish equal protection violation, such as "vindictive action," "illegitimate animus," or "ill will")).

Here, aside from presenting a vague and generically broad statement, petitioner has failed to allege facts that demonstrate a violation of each of the elements of his Fourteenth Amendment equal protection claim.  To demonstrate selective treatment, petitioner gives no facts except for a conclusory statement that men in general are treated differently than women for purposes of serving their sentences for domestic violence law violations, and that men are not allowed programs that women are allowed to participate in.  This does not *a fortiori* lead to a conclusion that there has been selective treatment against him.

Even granting that petitioner has stated he was subjected to selective treatment by the defendants because of his gender, however, he has failed to allege any facts which demonstrate that such lack of opportunity for treatment or programs was unconstitutional.  Petitioner has not alleged that the selective treatment was based on impermissible considerations, as set out in Rubinovitz v. Rogoto, 60 F.3d at 910.  Furthermore, to the extent that petitioner rests his Fourteenth Amendment claim on generalized malicious intent or bad faith, there

CIVIL 08-1945 (FAB) (JA)                            10

are no facts alleged which allow me to find that such an intention was at work in denying his access to rehabilitation programs, and that any denial to participate in programs or to be considered for parole constituted a "gross abuse of power" by defendants.  See, e.g., Tapalian v. Tusino, 377 F.3d at 6.  There is no constitutional right to rehabilitative training or treatment.  See O'Connor v. Donaldson, 422 U.S. 563 (1975); Santana v. Collazo, 533 F. Supp. 966, 976-77, 992 (D.P.R. 1982), rev'd on other grounds Santana v. Collazo, 714 F.2d 1172, 1177 (1st Cir. 1983).  Accordingly, the complaint is hereby dismissed as to the Commonwealth of Puerto Rico, Administración de Corrección (Corrections Administration) and the Parole Board for failing to state a claim upon which relief might be granted, and based upon the affirmative defense of sovereign immunity.

At San Juan, Puerto Rico, this 11th day of May, 2009.

S/ JUSTO ARENAS
Chief United States Magistrate Judge