IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO MORALES-MONTÁÑEZ,

Plaintiff

v.

COMMONWEALTH OF PUERTO RICO;
ADMINISTRACIÓN DE CORRECCIÓN
(CORRECTIONS ADMINISTRATION);
WILFREDO ESTRADA-ADORNO;
LILLIAM ÁLVAREZ; ANNIE
GONZÁLEZ-PÉREZ; MARÍA E.
MELÉNDEZ-RIVERA; JUNTA DE
LIBERTAD BAJO PALABRA (PAROLE
COMMISSION),

Defendants

CIVIL 08-1945 (FAB) (JA)

## OPINION AND ORDER

Plaintiff inmate Roberto Morales-Montáñez has filed a pro-se complaint pursuant to 42 U.S.C. § 1983, claiming that his civil rights were violated by Wilfredo Estrada-Adorno, Assistant Director of Programs and Services of the Corrections Administration; Lilliam Álvarez, Director of the Diversion Program of the Corrections Administration; and attorney María E. Meléndez-Rivera of the Corrections Administration.  He claims that his right to equal protection under the law has been violated because as a male, he is being treated differently than similarly situated females in that he is not offered rehabilitation programs leading to parole, unlike females who are offered such programs although serving sentences, like himself,  for a violation of Law 54 of August 15, 1989, P.R. Laws

CIVIL 08-1945 (FAB) (JA)                 2

Ann. tit. 8, § 601 *et seq.*  Plaintiff alleges discrimination because he has been told that he is arguably not eligible for diversion programs for those who are serving sentences for violating Law 54 of 1989 (domestic violence), per Law 315 of 2004. Plaintiff complains that as a consequence of this treatment, the stipulations in the case of Efraín Montero-Torres v. Hernández-Colón, Civil 75-0828, have not been complied with.  Plaintiff argues in his complaint that he has little remaining time in terms of serving his sentence and that the corrections system has only subjected him to punishment rather than social, moral and economic rehabilitation he is due under the Constitution of Puerto Rico.  This part of his complaint has been rendered moot since plaintiff is no longer in Corrections Department custody. Plaintiff seeks compensatory damages, court-appointed counsel, and a cease and desist order to the Corrections Administration related to the gender discrimination as to those men serving sentences for domestic violence violations.

On May 11, 2009, I issued an opinion and order dismissing the complaint against the Corrections Administration and the Parole Board.  (Docket No. 20.) Some of the issues addressed in that opinion are similarly addressed in this one because some of the same principles apply.

Since plaintiff is proceeding *pro se*, I construe the pleadings, however inartful, liberally.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v.

CIVIL 08-1945 (FAB) (JA)                           3

Kerner, 404 U.S. 519, 520-21 (1972)).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims).  All well-pleaded factual averments made by a pro se plaintiff and reasonable inferences drawn therefrom must be accepted as true.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

Plaintiff alleges in his complaint that he feels discriminated against since he has not been given services and necessary therapies in order to qualify for diversion programs linked to parole.  He alleges that this has been a clear practice of the Department of Corrections since by not receiving services and therapies, he can never qualify for parole so that he must extinguish his complete sentence.  He notes that this is not the same manner in which female convicts are treated.

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[1]; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled by Daniels v.

---

[1] Title 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

CIVIL 08-1945 (FAB) (JA)                4

Williams, 474 U.S. 327, 330-31 (1986); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a plaintiff to be held liable under section 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Morales-Montáñez' claims allege violations of federal constitutional law effected by state actors, his suit properly arises under section 1983, because of the allegedly disparate treatment he is being subject to when compared to the treatment received by women, all in violation of his rights to equal protection under the Fourteenth Amendment.

This matter is before the court on motion to dismiss filed by Wilfredo-Adorno, Lilliam Álvarez and María E. Meléndez-Rivera who argue that the complaint fails to state a cognizable claim under the United States Constitution, that the complaint has been rendered moot, that plaintiff has failed to exhaust administrative remedies (which in any event would reach a conclusion that would render the process moot), and that the Eleventh Amendment to the United States Constitution bars the recovery of money damages against them in their official

---

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

CIVIL 08-1945 (FAB) (JA)                5

capacity under the Eleventh Amendment to the United States Constitution. (Docket No. 18, at 2, dated May 6, 2009.)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Dismissal under the rule is appropriate where the plaintiff has failed to show its claim is at least "plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)).

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment applies not only to states but also to state agencies acting as "alter egos" to the state. See Ainsworth Aristocrat Int'l Party v. Tourism Co. of P.R., 818 F.2d 1034, 1036 n.2 (1st Cir. 1987) (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

CIVIL 08-1945 (FAB) (JA)                        6

Similarly, the Eleventh Amendment extends not only to state agencies acting as alter egos to the state but also to state employees exercising their official duties. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)); Cosme-Pérez v. Municipality of Juana Díaz, 585 F. Supp. 2d 229, 236 (D.P.R. 2008).  The moving defendants argue that at all times the individuals named in the complaint were acting within the scope of their employment, in their official capacities, and therefore are immune from judgment in the present suit.

## ANALYSIS

There can be little doubt about the applicability of Eleventh Amendment immunity to defendant Commonwealth of Puerto Rico.  See, e.g., Berríos v. Inter Am. Univ., 535 F.2d 1330, 1331 n.3 (1st Cir. 1976) (holding that Puerto Rico is to be considered a state for purposes of civil rights litigation).  For the purposes of the Eleventh Amendment, Puerto Rico is afforded the same rights as a state and therefore any private suit against the Commonwealth of Puerto Rico is barred.  See Sancho v. Yabucoa Sugar Co., 306 U.S. 505, 506 (1939); Porto Rico v. Rosaly y Castillo, 227 U.S. 270, 273-74 (1913); see, e.g., Jusino-Mercado v. Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000); Ezratty v. Puerto Rico, 648 F.2d 770, 776 n.7

CIVIL 08-1945 (FAB) (JA)                7

(1st Cir. 1981) (explicitly stating that Eleventh Amendment immunity applies to Puerto Rico).

The Puerto Rico government can be sued if it has consented to be sued by statute or if the right has been waived by Congress.  Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).  Consequently, "[t]he eleventh amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, e.g., Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983), and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc."  Culebras Enter. Corp. v. Rivera Ríos, 813 F.2d 506, 516 (1st Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

Plaintiff has presented a broad statement as to how his rights have been violated but gives no facts except for a conclusory statement that men in general are treated differently than women for purposes of serving their sentences for domestic violence law violations, and that men are not allowed programs that women are allowed to participate in.  While the Constitution of Puerto Rico establishes the obligation of the local government to further the moral and social rehabilitation of criminals, there is no federal constitutional right to rehabilitative training or treatment.  See O'Connor v. Donaldson, 422 U.S. 563 (1975); Santana

CIVIL 08-1945 (FAB) (JA)                    8

v. Collazo, 533 F. Supp. 966, 976-77, 992 (D.P.R. 1982), rev'd on other grounds Santana v. Collazo, 714 F.2d 1172, 1177 (1st Cir. 1983).

In order for the court to adjudicate a matter, Article III of the United States Constitution requires that there be a case or controversy between the parties. Allen v. Wright, 468 U.S. 737, 750 (1984); see U.S. Const. art. III, § 2. The concept of ripeness has its roots in this case or controversy requirement, as well as in prudential considerations. Mangual v. Rotger-Sabat, 317 F.3d 45, 59 (1st Cir. 2003). The federal ripeness doctrine involves a question of "when" an issue may be heard by the court. Federación de Maestros de P.R. v. Acevedo-Vilá, 545 F. Supp. 2d 219, 224 (D.P.R. 2008). For a case to be ripe there has to be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). "The ripeness doctrine seeks 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 70 (1st Cir. 2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)).

Determination of ripeness involves a two-pronged inquiry. McInnis-Misenor v. Me. Med. Ctr., 319 F.3d at 70. "First, the court must consider whether the

CIVIL 08-1945 (FAB) (JA)                    9

issue presented is fit for review." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir. 1995). The critical question in the fitness analysis is "whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." Id. at 536 (quoting Mass. Ass'n of Afro-Am. Police, Inc. v. Boston Police Dep't, 973 F.2d 18, 20 (1st Cir. 1992)). The second prong of the inquiry refers to the hardship the parties may suffer if the court withholds consideration of the controversy. Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d at 536.

Any request for injunctive relief has been rendered moot by plaintiff's release. Imprisonment for the same offenses for which the plaintiff was convicted is impossible. Therefore the only remaining matter is if plaintiff is entitled to damages from the defendants in their individual capacities. In order to be liable, there must be an identifiable issue to be tried leading to a possible award of damages.

The Corrections Administration has submitted a Report for Possible Parole reflecting that plaintiff was sentenced on May 31, 2007, was eligible for parole on November 20, 2007, and completed his sentence on October 5, 2008 for violations of Article 192 of the Penal Code and Law 54. (Docket No. 21-2.) Plaintiff had also sought administrative remedies and received a comprehensive resolution of his petition for review reflecting the reasons why review was denied.

CIVIL 08-1945 (FAB) (JA)                           10

(Docket No. 21-4).  The resolution is dated July 1, 2008, and the record does not reflect that plaintiff continued the administrative review process to the next level, the Commonwealth Appellate Court.  See P.R. Laws Ann. tit. 3, § 2172.  There is no futility exception to the administrative exhaustion requirement.  See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).  At very least, plaintiff failed to exhaust his available administrative remedies.  But even looking at the complaint liberally, I can see no series of facts which would lead a reasonable trier of fact to determine that plaintiff's constitutional rights were violated by these defendants under color of state law.

In conclusion, plaintiff has failed to state a claim upon which relief can be granted.  Again, there is no federal constitutional right to rehabilitative training or treatment and as a result there is no violation of his civil rights based upon such a constitutional right.

Accordingly, the complaint is hereby dismissed as to Wilfredo-Adorno, Lilliam Álvarez and María E. Meléndez-Rivera for failing to state a claim upon which relief might be granted, and based upon the affirmative defense of sovereign immunity.

The complaint as to co-defendant Annie González-Pérez formerly of the Corrections Administration is dismissed for failure to serve this defendant within 120 days from the filing of the complaint.  Fed. R. Civ. P. 4(m).

CIVIL 08-1945 (FAB) (JA)                    11

    The Clerk is directed to enter judgment dismissing this complaint in its entirety.

    At San Juan, Puerto Rico, this 29th day of May, 2009.

                                         S/ JUSTO ARENAS
                            Chief United States Magistrate Judge